NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000459
07-NOV-2018
10:31 AM**

NO. CAAP-18-0000459

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JOSEPHINE ABAD GOREE, Plaintiff-Appellee, v.
JUSTIN ELEU GOREE, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 16-1-7423)

ORDER GRANTING AUGUST 7, 2018 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Upon consideration of (1) Plaintiff-Appellee Josephine Abad Goree's (Josephine Goree) August 7, 2018 motion to dismiss appellate court case number CAAP-18-0000459 for lack of appellate jurisdiction, (2) the lack of any memorandum by Defendant-Appellant Justin Eleu Goree (Justin Goree) in response to Josephine Goree's August 7, 2018 motion, and (3) the record, it appears that we lack appellate jurisdiction over Justin Goree's appeal from the Honorable Kevin A. Souza's April 11, 2018 interlocutory order requiring the parties to submit names of three realtors and to list a real property parcel for sale within seven days because the family court has not yet dissolved the marriage that is the subject of the underlying divorce case.

Hawaii Revised Statutes (HRS) § 571-54 (2006), which provides that "[a]n interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of questions of law and fact <u>upon the same terms</u>

and conditions as in other cases in the circuit court, and review shall be governed by chapter 602, except as hereinafter provided." (Emphasis added). In circuit court cases, aggrieved parties may appeal from "final judgments, orders or decrees[.]" HRS § 641-1(a) (2016). Consequently, under HRS § 571-54, "appeals in family court cases, as in other civil cases, may be taken only from (1) a final judgment, order, or decree, . . . or (2) a certified interlocutory order." In re Doe, 96 Hawai'i 272, 283, 30 P.3d 878, 889 (2001) (citations omitted). Rule 54(a) of the Hawai'i Family Court Rules provides that the term "'[j]udgment' as used in these rules includes a decree and any order from which an appeal lies." In this divorce case, the April 11, 2018 interlocutory order is a component part of family court's adjudication of part (4) of the divorce case involving the division and distribution of property and debts, which, in turn, is eligible for appellate review under HRS § 571-54 only if the family court has previously or simultaneously dissolved the marriage of the plaintiff and defendant:

> Hawaii divorce cases involve a maximum of four discrete parts: (1) dissolution of the marriage; (2) child custody, visitation, and support; (3) spousal support; and (4) division and distribution of property and debts. Black v. Black, 6 Haw. App. [493], 728 P.2d 1303 (1986). In Cleveland v. Cleveland, 57 Haw. 519, 559 P.2d 744 (1977), the Hawaii Supreme Court held that an order which finally decides parts (1) and (4) is final and appealable even if part (2) remains undecided. Although we recommend that, except in exceptionally compelling circumstances, all parts be decided simultaneously and that part (1) not be finally decided prior to a decision on all the other parts, we conclude that an order which finally decides part (1) is final and appealable when decided even if parts (2), (3), and (4) remain undecided; that parts (2), (3), and (4) are each separately final and appealable as and when they are decided, but only if part (1) has previously or simultaneously been decided; and that if parts (2), (3), and/or (4) have been decided before part (1) has been finally decided, they become final and appealable when part (1) is finally decided.

Eaton v. Eaton, 7 Haw. App. 111, 118-19, 748 P.2d 801, 805 (1987) (footnote omitted; emphases added). Even when the family court formally dissolves the couple's marriage at some time in the future, the April 11, 2018 interlocutory order will not be eligible for appellate review until the family court finally determines all issues in part (4) of the divorce case, namely the division and distribution of property and debts. The record on

appeal reveals that the family court has neither dissolved the couple's marriage nor finally determined part (4) of the divorce case.  Absent an appealable final decree or appealable final order, Justin Goree's appeal from the April 11, 2018 interlocutory order is premature, and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that Josephine Goree's August 7, 2018 motion to dismiss this appeal is granted, and appellate court case number CAAP-18-0000459 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 7, 2018.

Presiding Judge

Associate Judge

Associate Judge

3